THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT GLEN MILLS, Appellant.

Third Department, May 5, 1960.

396

*Ross E. Brown* for appellant.

*Charles E. Bowers, District Attorney,* for respondent.

GIBSON, J. The defendant appeals from a judgment rendered upon a verdict convicting him of the crime of criminal negligence in the operation of a vehicle resulting in death (Penal Law, § 1053-a).

There was ample evidence in the testimony of a number of witnesses that at about 9 o'clock on a Friday evening in early September defendant drove his automobile at an excessive and dangerous rate of speed on a well-travelled street in a populous area of the City of Ogdensburg, and, without appreciably slowing his car, passed through at least two intersections and into a third (characterized by defendant's brief as '' dangerous and bad ''), where his view was at least partially obscured, and there collided with an automobile approaching from his right on a one-way street, causing the death of its two occupants. From the testimony and from the nature and location of the massive damage to the second car, the jury could well find that it entered the intersection first and was entitled to the right of way, which defendant failed to yield. Upon all the evidence the jury's verdict was warranted.

Defendant attacks the weight and credibility of the testimony of the witnesses Hutton and urges the insufficiency of the evidence tending to identify the car observed by them as that of the defendant. These questions were purely factual and were properly for the jury's determination; but even if the correctness of defendant's contentions were to be assumed we could not, in view of the other and overwhelming evidence of defendant's culpable negligence, hold that the testimony in question was prejudicial or otherwise such as to affect the result.

Complaint is made of several alleged errors in the charge. The court inadvertently referred to the car observed by a witness (who, incidentally, heard the crash seconds later) as the "defendant's car" but made immediate correction. We find no substance in the objection that in charging the jury the trial court failed to give proper attention to what counsel terms the "many contradictions, and errors" brought out on cross-examination. The court's failure to charge that the jury "must not consider the punishment" (Code Crim. Pro., § 420), an instruction ordinarily considered to be in the interest of the prosecution, was not called to the court's attention and cannot, in this case at least, be accounted fatal error. The court did not, as appellant contends, refuse to charge that there was "no direct proof" as to the relative positions or speeds of the cars approaching the intersection but said that "was a factor for the jury to determine from the witnesses". With this counsel seemed to be content, as indicated by his next request and by his failure to except. Whether or not "direct", there was proof which the jury might accept.

Appellant assigns several errors in rulings on evidence. He asserts that certain supposed skid marks were not sufficiently identified. The jury would be warranted in finding that they were made by the cars involved but the evidence was, in any event, completely harmless and served to prove nothing beyond the undisputed physical facts already shown. Error is asserted in the reception of oral evidence as to the city speed limit but three witnesses testified concerning it prior to any objection and, indeed, defendant's attorney said, referring to one of these witnesses, "If he knows what [the] speed limit is, I have no objection." There is no suggestion that the testimony was in error. As respected speed, the issue was not the violation, per se, of an ordinance but the reasonableness or excessiveness of the speed under the circumstances. Finally, if there was error it was cured by the charge. The additional contentions urged by appellant's brief are also devoid of merit. We find, in any event, no error, defect or exception in this record affecting any substantial right of the defendant. (Code Crim. Pro., § 542.)

We do, however, find excessive defendant's sentence to imprisonment for a term of two to five years, which does not appear from the record before us nor from the report of investigation which the District Attorney made available to us at our request to have been warranted in this case.

The judgment should be modified by reducing the term of the imprisonment thereby imposed to a term of not less than one

year nor more than one year and six months and, as so modified, affirmed.

BERGAN, P. J., COON, HERLIHY and REYNOLDS, JJ., concur.

Judgment modified by reducing the term of the imprisonment thereby imposed to a term of not less than one year nor more than one year and six months and, as so modified, affirmed.